**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRIAN CANNON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:20-cv-00742-SPM |
| | ) |
| STANLEY PAYNE, | ) |
| | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Brian Cannon's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will order petitioner to show cause as to why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### Background

On March 6, 2014, a jury convicted petitioner of first-degree assault on a law enforcement officer, armed criminal action, two counts of first-degree burglary, two counts of stealing a motor vehicle, theft over $500 but less than $25,000, unlawful possession of a firearm, and first-degree trespassing. *State of Missouri v. Cannon*, No. 12SL-CR05332-01 (21st Jud. Cir., St. Louis County).[1] On April 11, 2014, petitioner was sentenced to consecutive terms of life imprisonment for the first-degree assault and armed criminal action, and twenty years for one of the counts of first-degree burglary. Petitioner was also given terms of imprisonment of twenty years for the other

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

first-degree burglary, seven years for each count of stealing and the unlawful possession of a firearm, and six-months for trespassing. Those sentences were run concurrently. Petitioner filed a notice of appeal.

The Missouri Court of Appeals affirmed the judgment of the district court on September 15, 2015. *State v. Cannon*, 469 S.W.3d 887, 894 (Mo. App. 2015). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

Petitioner filed a motion to vacate, set aside, or correct the judgment or sentence on December 16, 2015. *Cannon v. State of Missouri*, No. 16SL-CC00012 (21st Jud. Cir., St. Louis County). The motion was filed pursuant to Missouri Supreme Court Rule 29.15. The circuit court denied the motion on March 22, 2018. Petitioner again filed a notice of appeal.

The Missouri Court of Appeals affirmed the judgment of the circuit court on July 9, 2019. *Cannon v. State*, 577 S.W.3d 905 (Mo. App. 2019). The mandate was issued on August 1, 2019.

Petitioner filed the instant action on May 24, 2020, by placing it in his prison's mailing system. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

**Discussion**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, it appears that the petition is untimely. Therefore, petitioner will be ordered to show cause why his petition should not be summarily dismissed.

2

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court").

In this case, the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal on September 15, 2015. Petitioner did not file a motion to transfer to the Missouri Supreme Court. Thus, his judgment became final on September 30, 2015, the date that the fifteen-

3

day period for filing an application to transfer expired. Petitioner's one-year statute of limitations began running at this time.

Petitioner did not file his Rule 29.15 motion until December 16, 2015. The period of "time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003). Thus, the seventy-seven (77) days that elapsed between September 30, 2015 and December 16, 2015 counts against the one-year limitations period.

Once petitioner filed his Rule 29.15 motion on December 16, 2015, the AEDPA's statute of limitations began tolling while the postconviction proceedings were pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation period under this subsection"). Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of the mandate in his post-conviction case, was timely). The Missouri Court of Appeals issued its mandate on August 1, 2019, which marked the end of petitioner's postconviction proceedings. The period between December 16, 2015 and August 1, 2019 does not count against petitioner's one-year limitations period.

At the point when the statute of limitations began running again on August 1, 2019, seventy-seven (77) days had already elapsed, meaning that petitioner had two-hundred-and-eighty-

4

eight (288) days in which to timely file his 28 U.S.C. § 2254 petition. In other words, the deadline for petitioner to file his § 2254 petition was May 15, 2020. However, petitioner did not file his petition until May 24, 2020, nine (9) days after the expiration of the limitations period. It therefore appears that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

### B. Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it appears that petitioner's action is untimely. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As a result, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as untimely. That is, petitioner must demonstrate either that his petition is not untimely, or that his untimeliness should be excused.

### C. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

                                               /s/ Shirley Padmore Mensah
                                               SHIRLEY PADMORE MENSAH
                                               UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of June, 2020.